IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JUDY R. KETCHUM                                                                         PLAINTIFF

V.                                                                CIVIL ACTION NO. 2:07CV025-B-A

JEFFREY L. GATLIN AND SAFECO
INSURANCE COMPANY OF ILLINOIS                                                        DEFENDANTS

## ORDER

This cause comes before the court upon the motion for summary judgment of defendant Safeco Insurance Company of Illinois ("Safeco"). Upon due consideration of the motion, response, exhibits, and supporting and opposing authority and having heard the parties' oral arguments in a hearing on August 18, 2009, the court is ready to rule.

Citing *Jackson v. State Farm Mut. Ins. Co.*, 880 So. 2d 336, 341-42 (Miss. 2004) in support of its position, Safeco initially argued that the plaintiff's claim is barred by the three-year limitation provided in both Miss. Code Ann. § 15-1-49 and Miss. Code Ann. § 83-9-5(1)(k). According to Safeco, the plaintiff was informed of defendant Jeffrey Gatlin's liability limits (and shortfall in coverage) by letter dated October 13, 2005, from Gatlin's insurance carrier. The plaintiff did not file her amended complaint adding Safeco, one of her uninsured motorist coverage carriers, as a defendant until October 30, 2008. The plaintiff denies having ever received this letter, and the defendant now accepts this representation and abandons its argument in this regard.

The defendant now asserts that the plaintiff did not exercise reasonable diligence in determining the limits of the tortfeasor's liability policy. It is uncontested, however, that the plaintiff, through counsel, sent at least three letters to defendant Gatlin's insurance carrier requesting this information. According to the defendant, the sending of the three letters

requesting the limits of Gatlin's policy failed to rise to the level of reasonable diligence, but the court disagrees and finds that the plaintiff's claim against Safeco should survive. The court also finds that even assuming *arguendo* that the plaintiff did fail to exercise reasonable diligence, Safeco has failed to show that it suffered any prejudice by the plaintiff's alleged lack of reasonable diligence in determining the shortfall in the tortfeasor's coverage and in bringing Safeco into this suit.[1]

The court also notes that, contrary to the defendant's position, a relevant distinction exists between a "notice of loss" and a "proof of loss." Safeco stipulated that it received a notice of loss in this case the day after the accident in question. Safeco further admits that it never required from the plaintiff a proof of loss in this case but that it accepted the notice of loss in place of a proof of loss. The distinction between the two terms is relevant because the statute upon which the defendant relies, Miss. Code Ann. § 83-8-5(1)(k), provides in part that "[n]o such action shall be brought after the expiration of three (3) years **after the time written proof of loss is required to be furnished**." (Emphasis added). The plaintiff argues that this three-year limitation period has not begun to run because the defendant has never required proof of loss to be furnished. The plaintiff further argues that this statute may not even be applicable in an uninsured motorist case. A determination of this issue is not required, however, since the

---

[1]The court acknowledges, as argued by the defendant, that of course a showing of prejudice is not required if the claim is barred by the statute of limitations. Prejudice must be shown, however, for the defendant to be successful in its "reasonable diligence" argument. *See Lawler v. GEICO*, 569 So. 2d 1151 (Miss. 1990). The *Lawler* court noted that prejudice is a question of fact for the jury to determine, but this court, applying the summary judgment standard, finds that no genuine issue of material fact exists on this issue because the defendant has set forth no evidence whatsoever that it suffered prejudice due to the plaintiff's actions.

court is persuaded by the plaintiff's argument that the statute – applicable or not – does not bar the plaintiff's claim under the facts of this case.

In accordance with the foregoing analysis, the court finds that the defendant's motion for summary judgment is not well taken and should be and the same is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 18th day of August, 2009.

    */s/ Neal Biggers*
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**